No. 2--01--0609

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT 

_________________________________________________________________

JOHNNIE PEETOOM and ) Appeal from the Circuit

GREG PEETOOM, ) Court of Winnebago County.

)

Plaintiff-Appellants, )

)

v. ) No. 2000--L--321

 )

RICHARD A. SWANSON, )

)

Defendant )

)

(D. Michael Gibson, John P. ) Honorable
 

Powers, and Hugh K. Funderburg, ) Ronald L. Pirrello,

Defendants-Appellees). ) Judge, Presiding.

_________________________________________________________________ 

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:
 

Plaintiffs, Johnnie and Greg Peetoom, appeal from the trial court's order dismissing their complaint against defendants D. Michael Gibson, John Powers, and Hugh Funderburg.  The trial court found that plaintiffs' complaint was barred by the two-year statute of limitations period for personal injury actions (735 ILCS  5/13--202 (West 1992)).  We reverse and remand the case for further proceedings.

On January 20, 1993, plaintiff Johnnie Peetoom fell while walking on a parking lot owned by The Swanson Group, Inc. (Swanson).  On January 11, 1995, she filed a negligence action against Swanson seeking to recover damages for the injuries she allegedly suffered as a result of the fall (the underlying litigation).  Her husband, Greg Peetoom, also sought damages for loss of consortium.  On May 16, 1997, the trial court in the underlying litigation entered a default judgment against Swanson.  On June 1, 1998, the Illinois Secretary of State involuntarily dissolved Swanson for its failure to file a report and pay its taxes.  On September 30, 1998, the trial court in the underlying litigation conducted a prove-up to determine plaintiffs' damages.  On November 2, 1998, the trial court entered a judgment awarding Johnnie Peetoom $1 million in damages and Greg Peetoom $100,000 in damages.  Plaintiffs initiated citation proceedings against Swanson, but they were unsuccessful in their efforts to collect the judgment because Swanson was insolvent.

On September 28, 2000, plaintiffs filed the present action against defendants in their individual capacity.  Plaintiffs alleged that defendants were each shareholders and directors of Swanson.  Plaintiffs alleged that defendants disregarded the corporate entity and that Swanson was a "mere facade for the operation of its shareholders."  Plaintiffs sought to pierce Swanson's corporate veil and to collect their judgment in the underlying litigation from defendants personally.

Defendants subsequently moved to dismiss plaintiffs' complaint pursuant to section 2--619(a)(5) of the Code of Civil Procedure (the Code) (735 ILCS 5/2--619(a)(5) (West 2000)).  Defendants argued that plaintiffs' action was barred by the two-year limitations period applicable to personal injury actions (735 ILCS  5/13--202 (West 1992)).  Defendants argued that, because plaintiffs failed to name them in the underlying litigation, they were now time-barred from bringing a negligence action against them.  On May 31, 2001, the trial court granted the motion and dismissed plaintiffs' complaint with prejudice.  Plaintiffs timely appealed.

On appeal, plaintiffs contend that the trial court erred when it applied section 13--202 of the Code to dismiss their complaint.  Plaintiffs argue that their complaint to pierce the corporate veil was not predicated upon a theory of negligence but was instead an attempt to collect from Swanson's shareholders the judgment entered against Swanson in the underlying litigation.  Plaintiffs contend that section 12.80 of the Business Corporation Act of 1983 (the Act) (805 ILCS 5/12.80 (West 1998)), which imposes a five-year limitation on all actions against dissolved corporations and their shareholders, is the limitations period applicable to this case.  Plaintiffs argue that their action was filed within five years from the date that the Secretary of State dissolved Swanson.

Section 2--619(a)(5) of the Code (735 ILCS 5/2--619(a)(5) (West 2000)) allows for the dismissal of a cause of action if "the action was not commenced within the time limited by law."  A motion to dismiss pursuant to section 2--619 of the Code admits all well-pleaded facts and reasonable inferences drawn therefrom.  
Becker v. Zellner
, 292 Ill. App. 3d 116, 122 (1997).  Additionally, a section 2--619 motion admits the legal sufficiency of the complaint but asserts affirmative matter to avoid or defeat the claim.  
Gragg v. Calandra
, 297 Ill. App. 3d 639, 643 (1998).  We review the trial court's ruling on a section 2--619 motion 
de novo
.  
Gragg
, 297 Ill. App. 3d at 643.

The parties' arguments focus upon three statutory limitations periods, sections 13--202 and 12--108 of the Code, and section 12.80 of the Act.  Section 13--202 of the Code requires that "[a]ctions for damages for an injury to the person *** be commenced within 2 years next after the cause of action accrued."  735 ILCS 5/13--202 (West  1992).  Section 12--108 of the Code provides that "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered."  735 ILCS 5/12--108 (West 1998).  Section 12.80 of the Act provides as follows:

"The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by a judgment of dissolution by a circuit court of this State, or (3) by expiration of its period of duration, shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution.  Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name."  805 ILCS 5/12.80 (West 1998).

To determine which of these statutory limitations governs this case, we must first consider the basic tenets of corporation law and the nature of an action to pierce the corporate veil.  A corporation is a legal entity that exists separately and distinctly from its shareholders, officers, and directors, who are not generally liable for the corporation's debts.  
In re Estate of Wallen
, 262 Ill. App. 3d 61, 68 (1994).  One of the primary purposes of doing business as a corporation is to insulate stockholders from unlimited liability for corporate activity.  
Wallen
, 262 Ill. App. 3d at 68.  Limited liability will ordinarily exist even though the corporation is closely held or has a single shareholder.  
Wallen
, 262 Ill. App. 3d at 68.

However, a court may disregard a corporate entity and pierce the veil of limited liability where the corporation is merely the alter ego or business conduit of another person or entity.  
In re Rehabilitation of Centaur Insurance Co.
, 238 Ill. App. 3d 292, 299 (1992), 
aff'd
, 158 Ill. 2d 166 (1994).  This doctrine fastens liability on the individual or entity that uses a corporation merely as an instrumentality to conduct that person's or entity's business.  
Centaur
, 238 Ill. App. 3d at 300.  Such liability arises from fraud or injustice perpetrated not on the corporation but on third persons dealing with the corporation.  
Centaur
, 238 Ill. App. 3d at 300.  The doctrine of piercing the corporate veil is an equitable remedy; it is not itself a cause of action but rather is a means of imposing liability on an underlying cause of action, such as a tort or breach of contract.  
Centaur
, 238 Ill. App. 3d at 300.

Because a complaint seeking to pierce the corporate veil is not itself a cause of action, the limitations period applicable to such a complaint is governed by the nature of the underlying cause of action alleged in the complaint.  Here, plaintiffs assert that the cause of action alleged in their complaint is an action to collect the judgment for damages awarded in the underlying litigation.  As such, the seven-year limitations period for enforcing judgments contained in section 12--108 of the Code would ordinarily apply to their complaint.  However, because Swanson is a dissolved corporation, plaintiffs argue that the five-year limitations period for commencing actions against dissolved corporations and their shareholders contained in section 12.80 of the Act governs this case.

Defendants respond that plaintiffs cannot collect the judgment entered in the underlying litigation against them because they were not named parties to that suit.  Defendants argue that, to collect against them, plaintiffs are required to allege and prove their allegations of negligence anew.  Accordingly, defendants conclude that the cause of action underlying plaintiffs' complaint to pierce the corporate veil must be predicated upon negligence and that such an action is barred by the two-year limitations period contained in section 13--202 of the Code.

We agree with plaintiffs' position and find that the five-year limitations period contained in section 12.80 of the Act governs this case.  Plaintiffs' allegations of negligence against Swanson have already been proved in the underlying litigation.  The trial court in the underlying litigation found in plaintiffs' favor and entered a judgment awarding damages.  This judgment became a new and distinct obligation of Swanson that was different from plaintiffs' original negligence action.  Plaintiffs' complaint in this case did not seek to recover damages from defendants on the basis of Swanson's negligence, but instead sought to pierce Swanson's corporate veil to enforce the judgment in the underlying litigation against defendants as corporate directors and shareholders.  Therefore, the seven-year limitations period for enforcing judgments contained in section 12--108 of the Code would ordinarily govern actions of this type.  However, because Swanson has been dissolved, section 12.80 of the Act reduces the limitations period to five years.

We find support for our conclusion that plaintiffs may seek to pierce Swanson's corporate veil to enforce the judgment in the underlying litigation against defendants in 
Pyshos v. Heart-Land Development Co.
, 258 Ill. App. 3d 618 (1994).  In 
Pyshos
, the plaintiff secured a $20,000 judgment against a corporation.  
Pyshos
, 258 Ill. App. 3d at 621.  The plaintiff subsequently initiated supplementary citation proceedings to discover the corporation's assets.  As part of the citation proceedings, the plaintiff filed a petition to pierce the corporate veil.  The trial court subsequently granted the plaintiff's motion for summary judgment on this petition.  
Pyshos
, 258 Ill. App. 3d at 621-22.  The reviewing court reversed, holding that it was improper to pierce the corporate veil in supplementary proceedings because the allegations necessary to support such an action do not fall within the limited scope of what may be heard in supplementary proceedings.  
Pyshos
, 258 Ill. App. 3d at 622.  The reviewing court further explained:

"[A] judgment creditor who has managed to secure a judgment against a corporation and seeks to hold the individual shareholders and directors of a judgment debtor corporation liable for that judgment may consider alternative remedies.

First, a judgment creditor may choose to initiate a supplementary proceeding against the third-party shareholders and directors.  The inquiry in such supplementary proceedings, however, is limited to considering the allegation that the shareholders and directors are holding assets of the judgment debtor corporation.

Alternatively, a judgment creditor may choose to file a new action to pierce the corporate veil to hold individual shareholders and directors liable for the judgment of the corporation.  A new proceeding is proper because, where a party obtains a judgment against another party, the underlying claim merges with the judgment and the judgment becomes a new and distinct obligation of the corporation which differs in nature and essence from the original claim."  
Pyshos
, 258 Ill. App. 3d at 624.

Other Illinois courts have similarly noted that a judgment creditor may initiate an action to pierce the corporate veil to enforce a judgment against a corporation's shareholders.  See 
Jacobson v. Buffalo Rock Shooters Supply, Inc.
, 278 Ill. App. 3d 1084, 1087 (1996) (plaintiffs filed a complaint to pierce corporate veil to collect workers' compensation judgment from corporation's shareholders); 
Lange v. Misch
, 232 Ill. App. 3d 1077, 1081 (1992) (reviewing court held that the plaintiff could not attempt to pierce the corporate veil in supplementary proceedings and admonished the plaintiff to file a separate action to pierce the corporate veil to collect judgment against shareholder).  None of these authorities supports defendants' assertion that, in an action to pierce the corporate veil to enforce a judgment against a corporation's shareholders, a plaintiff must reallege and reprove the underlying cause of action that formed the basis for the judgment.

Additionally, we are unpersuaded by the authorities that defendants cite in support of their position.  In 
In re Estate of Wallen
, 262 Ill. App. 3d 61, 70 (1994), this court held that the plaintiff could not seek to pierce the corporate veil to collect a foreign judgment from the sole corporate shareholder.  We held that, under the full faith and credit doctrine, the plaintiff could not seek to enforce a judgment in Illinois against an individual who was not designated as a party in the foreign litigation.  
Wallen
, 262 Ill. App. 3d at 70.  Our decision in 
Wallen
 was predicated upon the unique nature of foreign judgments; our holding does not preclude a judgment creditor from filing an action to pierce the corporate veil to enforce a judgment against a corporation's shareholders.

Defendants also rely on 
Matos v. Richard A. Nellis, Inc.
, 101 F.3d 1193, 1195 (7th Cir. 1996), a case in which the plaintiff sought to pierce the veil of a dissolved corporation in a supplemental proceeding to collect a judgment from the corporation's shareholder.  After noting that Illinois's courts would not allow an action to pierce the corporate veil in supplemental proceedings (
Matos
, 101 F.3d at 1195, citing 
Pyshos
, 258 Ill. App. 3d at 622), the reviewing court further commented that it was impossible to pierce the corporate veil after a corporation has been dissolved (
Matos
, 101 F.3d at 1195).  We reject this latter statement because it is contrary to the plain language of section 12.80 of the Act.  As noted above, section 12.80 specifically provides that a corporation's dissolution does "not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders."  805 ILCS 5/12.80 (West 1998).  Therefore, despite Swanson's dissolution, plaintiffs were entitled under section 12.80 to file suit against Swanson and its shareholders within five years from the date of dissolution.

Defendants' discussion of 
Greenfield v. Ray Stamm, Inc.
, 242 Ill. App. 3d 320 (1993), and 
Johnson v. St. Therese Medical Center
, 296 Ill. App. 3d 341 (1998), is also unpersuasive, as neither case involved an action to pierce the corporate veil.  In 
Greenfield
, the plaintiff sued the wrong party and sought to amend his complaint to name a different party after the expiration of the limitations period.  
Greenfield
, 242 Ill. App. 3d at 323-24.  In 
Johnson
, the judgment debtor was a partnership, rather than a corporation.  
Johnson
, 296 Ill. App. 3d at 346.

Having determined that the five-year limitations period of section 12.80 of the Act governs this case, we briefly consider whether plaintiffs filed their action within the limitations period.  Section 12.80 requires that a plaintiff commence an action "for any right or claim existing, or any liability incurred, prior to [a corporation's] dissolution" within five years of the date of dissolution.  805 ILCS 5/12.80 (West 1998).  Here, the Illinois Secretary of State dissolved Swanson on June 1, 1998.  Plaintiffs filed their complaint on September 28, 2000.  Plaintiffs therefore commenced their action within five years of Swanson's dissolution.

Defendants argue that plaintiffs' collection action did not exist prior to Swanson's dissolution as required by section 12.80 because the trial court in the underlying litigation did not enter its damage award until after Swanson's dissolution.  Defendants therefore contend that section 12.80 does not provide plaintiffs a right to sue on the judgment.  Defendants' argument lacks merit.  The trial court in the underlying litigation defaulted Swanson prior to the date of Swanson's dissolution.  Therefore, prior to its dissolution, the trial court in the underlying litigation entered judgment against Swanson on plaintiffs' negligence action.  Although the precise measure of plaintiffs' damages had yet to be determined, Swanson's obligation on plaintiffs' complaint had been established prior to the date of dissolution.  Accordingly, we conclude that plaintiffs' right to collect on its complaint accrued prior to Swanson's dissolution and that plaintiffs' complaint in this case satisfied the limitations requirements of section 12.80 of the Act.  We therefore hold that the trial court erred in dismissing plaintiffs' complaint as untimely.

For the foregoing reasons, we reverse the judgment of the circuit court of Winnebago County and remand the case for further proceedings.

Reversed and remanded.

GEIGER and BOWMAN, JJ., concur.