# Illinois Official Reports

## Appellate Court

---

### *Gajda v. Steel Solutions Firm, Inc.*, 2015 IL App (1st) 142219

---

| | |
|---|---|
| Appellate Court Caption | MAREK GAJDA and TOMASZ STANKIEWICZ, Plaintiffs-Appellants, v. STEEL SOLUTIONS FIRM, INC., and MARIOLA BARABAS, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket No. 1-14-2219 |
| Filed | August 20, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-10668; the Hon. Eileen O'Neil Burke, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part. Cause remanded. |
| Counsel on Appeal | Joshua M. File, of Katz, Friedman, Eagle, Eisenstein, Johnson & Bareck, P.C., of Chicago, for appellants.<br><br>Majdi Y. Hijazin, of Law Offices of Majdi Y. Hijazin, Ltd., of Oak Brook, for appellees. |
| Panel | JUSTICE COBBS delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiffs, Mark Gajda and Tomasz Stankiewicz (plaintiffs) filed a five-count complaint against Steel Solutions Firm, Inc. (Steel Solutions), and Mariola Barabas (collectively, defendants) seeking recovery under the Illinois Employee Classification Act (Act) (820 ILCS 185/60 (West 2012)). The complaint essentially alleged that Barabas Co., Inc., and Barabas Steel Co. were predecessor corporations of Steel Solutions and thus plaintiffs could impute the illegal conduct of Barabas Co. and Barabas Steel Co. to Steel Solutions through piercing Steel Solutions' corporate veil. Plaintiffs further alleged that they were employed by Steel Solutions, or one of its predecessor companies, between January 1, 2008, and October 22, 2010, and that during their employment they were misclassified as independent contractors. In addition, plaintiffs alleged that they were wrongfully terminated as an act of retaliation for filing a complaint with the Illinois Department of Labor (IDOL). Subsequently, on defendants' motion, the court dismissed count I, which sought to pierce the corporate veil of Steel Solutions, without prejudice and dismissed counts II through V with prejudice. Plaintiffs filed a motion to reconsider, which was denied, and count I of the complaint was then dismissed with prejudice.

¶ 2    On appeal, plaintiffs assert the trial court improperly denied their motion for reconsideration of the May 8, 2014, order. Specifically, plaintiffs argue that the court erred when it dismissed count I under section 2-615 of the Illinois Code of Civil Procedure (the Code) because they sufficiently pleaded the grounds for veil piercing and that it was improper for the court to dismiss counts II through V under section 2-619(a)(9) of the Code because defendants failed to identify an affirmative matter defeating the statutory violation claims. 735 ILCS 5/2-615, 2-619(a)(9) (West 2012). Plaintiffs assert, *arguendo*, that even if the complaint was properly dismissed, all counts should have been dismissed without prejudice. For the following reasons, we reverse and remand the matter for further proceedings consistent with this order.

¶ 3                                    BACKGROUND

¶ 4    On September 25, 2013, plaintiffs filed a five-count complaint against defendants under the Act. The first count of the complaint was captioned "Piercing the Corporate Veil" and alleged that Teofil Barabas[1] was the sole shareholder and owner/operator of Barabas Steel Co. and Barabas Co. and that Mariola Barabas was the sole shareholder and owner/operator of Steel Solutions. The complaint further alleged that Teofil and Mariola did not abide by corporate formalities and operated all three corporations as their alter egos. Specifically, paragraphs 10 through 16 of the complaint alleged:

> "10. At all times relevant hereto, Barabas Steel Co., Barabas Co. and Steel Solutions all performed the exact same services–fabrication and installation of steel and ornamental metal.

> 11. The business addresses of each of the three corporations are or were 4445, 4447 and 4451 West Kinzie Street, Chicago, Illinois. Each address belongs to one single warehouse building. Each corporation operated out of the same building/location.

---

[1]Teofil Barabas is not a party to this lawsuit. He filed for chapter 7 bankruptcy in 2011.

12. Since its incorporation in January 2010, Steel Solutions operated simultaneously with Barabas Steel Co. and Barabas Co. performing the same steel fabrication services, out of the same business location, and used much of the same equipment and tools used by Barabas Steel Co. and Barabas Co.

13. At all times relevant hereto, Defendant Mariola Barabas and Teofil Barabas used all three corporations, Steel Solutions, Barabas Steel Co. and Barabas Co., as their alter egos to conduct their personal business.

14. Mariola Barabas and Teofil Barabas failed to keep an arm's-length relationship between Steel Solutions, Barabas Steel Co. and Barabas Co., and instead treated all three corporations as one single instrumentality for their own profit and gain.

15. Mariola Barabas and Teofil Barabas, failed to respect and adhere to the separate corporate status and existence of each of the three corporations, but instead improperly treated all three corporations as one single entity by, *inter alia*:

   a. Co-mingling funds between corporations;

   b. Co-mingling equipment and other physical assets between corporations;

   c. Paying employees employed by one corporation out of the account and/or funds of one of the other corporations;

   d. Making improper loans and/or 'sales' of assets from one corporation to another;

   e. Contracting for construction projects under the name of one corporation while using employees hired and paid by one of the other corporations to perform the services of that construction contract; and/or

   f. Operating each of the three purportedly separate and distinct corporations out of the same Kinzie Avenue location.

16. In its Final Determination, dated September 20, 2012, following an investigation and hearing, the Illinois Department of Labor (IDOL) concluderd [*sic*] that Steel Solutions is 'a continuation of Barabas Steel Company: the same (or substantially same) workers perform the same services for the same family of owners from the same location using the same (or substantially same) tools and equipment under the direction and supervision of the same family member.' "

¶ 5 Counts II through V sought recovery for statutory violations of the Act based on misclassification and retaliation. Each of these counts specifically incorporated and realleged the factual assertions underlying the request to pierce the corporate veil set forth in count I. Each of these counts also alleged that during plaintiffs' employment at Steel Solutions, Mariola and Teofil Barabas willfully and deliberately failed and/or refused to classify plaintiffs as employees in violation of section 10 of the Act. 820 ILCS 185/10 (West 2012).

¶ 6 Plaintiffs performed metal fabrication work for defendants, including "fabricating stair railings and other metal items at [d]efendants' shop located at 4445-4451 West Kinzie Street, and transporting and installing said materials at various construction sites." According to plaintiffs, Steel Solutions was a "contractor" and plaintiffs were under the control and direction of Steel Solutions. Plaintiffs alleged, among other things, that they performed work under Steel Solutions' name and not their own personal business names, they were not engaged in an independently established trade, occupation, or business, and that they did not share in the profits or bear the losses of Steel Solutions. In addition, Steel Solutions represented to its

customers that plaintiffs were its employees, plaintiffs did not furnish the equipment or obtain the licenses for the projects they worked on, and they were subject to a specific number of hours to work per week. Thus, under the Act, they were employees of Steel Solutions and its predecessor corporations, not independent contractors. Furthermore, as a result of the misclassification, plaintiffs lost wages, salary, and other compensation.

¶ 7 In the fourth and fifth counts, plaintiffs claimed defendants violated the Act by retaliating against plaintiffs by firing them for filing a complaint with the IDOL. Plaintiffs alleged that Steel Solutions was notified of the complaint on October 19, 2010, and that on October 22, 2010, both plaintiffs were terminated in violation of the Act. 820 ILCS 185/55 (West 2012).

¶ 8 Defendants filed a combined motion to dismiss the complaint citing section 2-619.1 of the Code. 735 ILCS 5/2-619.1 (West 2012). In the motion, defendants argued that count I of plaintiffs' complaint should be dismissed under section 2-615 as not legally sufficient because piercing the corporate veil is not a cause of action but, rather, a remedy. Defendants further argued that counts I through V should be dismissed under section 2-619 because plaintiffs were never employed by Steel Solutions and that Steel Solutions was a completely independent and separate company from both Barabas Co. and Barabas Steel Co. Additionally, defendants asserted that the Act does not provide for individuals to be sued, and therefore Mariola could not be personally liable.

¶ 9 Defendants pointed out that plaintiffs were employed by Barabas Co. and Barabas Steel Co., which were owned by Teofil Barabas, Mariola's husband. Defendants further argued that Teofil is the proper defendant but plaintiffs did not sue him because he filed for bankruptcy. In an affidavit attached to the motion, Mariola explained that she is the President, Secretary, and registered agent of Steel Solutions and that she never worked for Barabas Steel Co. The affidavit stated that Steel Solutions was incorporated on January 26, 2010, after the alleged illegal conduct purportedly began, and that Steel Solutions received a loan from a Dariusz Barabas to purchase certain assets for the company. The affidavit listed the materials and services that Steel Solutions purchased from Barabas Steel with the amounts paid for them, demonstrating that there was a proper accounting for all transactions between the two companies and that they were separate.

¶ 10 Defendants also attached the IDOL "Determination Under the Employee Classification Act Following an Informal Conference" to their motion. The determination was sent to "Barabas Steel Company now known as Steel Solutions Firm, Inc." It explained that the IDOL received a complaint on or about August 30, 2010, alleging Barabas Steel Co. violated the Act. Although Barabas Steel Co. d/b/a Steel Solutions' attorney filed an appearance on November 30, 2010, and moved to dismiss the complaint, it failed to promptly send the documents the IDOL requested. Subsequently, the IDOL issued a subpoena and notice of Preliminary Investigative Findings finding that Steel Solutions misclassified plaintiffs as independent contractors. On January 18, 2012, the IDOL issued a Final Determination-Notice of Violation to Barabas Steel Co. and Barabas Steel Co.'s attorney requested an informal hearing to review IDOL's final determinations. That hearing occurred on May 14, 2012. The IDOL's informal investigation revealed that Barabas Steel Co. ceased operations in January 2010 and thereafter sold its assets to Steel Solutions, a company solely owned by Mariola Barabas, Teofil's wife, for approximately $80,000. Additionally, the IDOL noted:

> "Barabas Company, Barabas Steel Company and Steel Solutions Firm, Inc. all
> performed the same type of work: fabrication and installation of steel and ornamental

metal. Steel Solutions Firm, Inc. operates on the site formerly occupied by Barabas Steel Company, using much (if not most) of the same equipment and tools used by Barabas Steel Company. Mr. Barabas currently works for '[his] wife's company.' "

The Final Determination also revealed that Gajda testified at the hearing that he received paychecks signed by Mariola before he was fired. Ultimately, the IDOL found that Steel Solutions, Barabas Co., and Barabas Steel Co. were a single entity and issued a penalty against it for $146,000.

¶ 11    On May 8, 2014, the court dismissed count I of the complaint under section 2-615 of the Code without prejudice, gave leave to amend that count within 21 days, and dismissed counts II through V under section 2-619 of the Code with prejudice. Subsequently, plaintiffs filed a motion to reconsider and on July 8, 2014, the court denied the motion and dismissed count I with prejudice.

¶ 12                                    ANALYSIS

¶ 13    On appeal, plaintiffs contend that the court erred in denying their motion to reconsider the May 8, 2014, order dismissing the complaint. "When reviewing a motion to reconsider that was based only on the trial court's application (or purported misapplication) of existing law *** our standard of review is *de novo*." *People v. $280,020 United States Currency*, 372 Ill. App. 3d 785, 791 (2007) (citing *Muhammad v. Muhammad-Rahmah*, 363 Ill. App. 3d 407, 415 (2006)). Plaintiffs' motion to reconsider asserted that the court misapplied existing law, thus, the appellate court reviews the circuit court's denial of the motion to reconsider *de novo*.

¶ 14                                Personal Liability

¶ 15    As an initial matter, we address defendant's argument that counts I through V were properly dismissed as to Mariola because she cannot be personally liable under the Act. Plaintiffs named Mariola as a defendant and asserted in their complaint that Steel Solutions' corporate veil can be pierced to reach her personally. Defendants point out that the Act does not provide for liability of individuals. In support, they cite *Jaworski v. Master Hand Contractors, Inc.*, No. 09 C 07255, 2013 WL 1283534, at *9 n.12 (N.D. Ill. Mar. 27, 2013), and *Chicago Regional Council of Carpenters v. Joseph J. Sciamanna, Inc.*, No. 08 C 4636, 2008 WL 4696162 (N.D. Ill. Oct. 23, 2008), which held that the Act does not provide for personal liability. We note that plaintiffs have failed to make any argument regarding whether Mariola could be personally liable and therefore, the issue is waived. See *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 37 (1994) (issues not raised by appellant in brief are generally considered waived); Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). Accordingly, we need not resolve the issue.

¶ 16                    Dismissal of Count I Under Section 2-615

¶ 17    Next, we address plaintiffs' contention that labeling the first count "Piercing the Corporate Veil" was not fatal to their cause of action. They maintain that form does not control over substance and where the complaint is factually sufficient and gives notice to the defendants of the claims against them, it should not be dismissed. Defendants respond that the court properly dismissed count I because piercing the corporate veil is a remedy and not a separate cause of action.

¶ 18    Count I of plaintiffs' complaint was dismissed under section 2-615 of the Code. A section 2-615 motion challenges the legal sufficiency of a cause of action based on defects apparent on the face of the complaint. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25. "In ruling on a section 2-615 motion to dismiss, the court must accept all well-pleaded facts, as well as any reasonable inferences to be drawn therefrom, as true." *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 18. The court will dismiss a complaint only when there is no set of facts that would allow the plaintiff to recover. *Kilburg v. Mohiuddin*, 2013 IL App (1st) 113408, ¶ 19.

¶ 19    Here, plaintiffs titled count I "Piercing the Corporate Veil." However, as defendants point out, "[p]iercing the corporate veil is not a cause of action but, rather, a means of imposing liability in an underlying cause of action." *Buckley v. Abuzir*, 2014 IL App (1st) 130469, ¶ 9 (citing *Peetoom v. Swanson*, 334 Ill. App. 3d 523, 527 (2002)). Once a party has a judgment against a corporation, it can attempt to obtain the judgment from another corporation or individual by piercing the corporate veil. *Id.* Plaintiffs did not have a judgment against defendants or Barabas Co. and Barabas Steel Co., and count I was alleged separately from the underlying counts. Based on our review of the complaint, count I did not plead piercing the corporate veil as a remedy, but as its own separate cause of action. Plaintiffs argue that they sufficiently pleaded the grounds for veil piercing because they alleged specific facts, which, taken as true, demonstrate the requisite unity of interest and inequitable circumstances necessary to pierce the corporate veil. However, even accepting as true all well-pleaded facts in the complaint, plaintiffs could not recover under count I without pleading a legally recognized cause of action.

¶ 20    Plaintiffs also argue that regardless of whether piercing the corporate veil is a cause of action, defendants admitted the legal sufficiency of piercing the corporate veil in their section 2-619 motion to dismiss and cannot now argue that the claim is legally insufficient. We reject this argument for two reasons. First, the motion to dismiss under section 2-619 was asserted as an alternative to section 2-615. Second, a defendant's motion to dismiss will not be defeated, even if brought under the wrong section of the Code, where the plaintiff has suffered no prejudice from the incorrect label. *Wallace v. Smyth*, 203 Ill. 2d 441, 447 (2002). In this case, plaintiffs did not suffer any prejudice from defendants moving to dismiss count I under sections 2-615 and 2-619 of the Code because it was clear from the motion that defendants contested the legal sufficiency of piercing the corporate veil as a separate claim. Thus, plaintiffs were able to properly respond, and the court did not err in dismissing count I of plaintiffs' complaint with prejudice on that ground. See *id.*

¶ 21    Plaintiffs further assert that this court has approved the practice of alleging piercing the corporate veil as a separate count in order to impute liability for the underlying claims to successor corporations. In support they cite *Fontana v. TLD Builders, Inc.*, 362 Ill. App. 3d 491 (2005), and *Workforce Solutions v. Urban Services of America, Inc.*, 2012 IL App (1st) 111410. However, in each of those cases, although the trial court did not dismiss counts alleging piercing the corporate veil, it did not treat piercing the corporate veil as a separate claim–and it could not–because piercing the corporate veil is not a legally recognized cause of action. Rather, the trial court incorporated the facts from the veil piercing count to support veil piercing as a remedy for the underlying claims or judgments. Consistent with these cases, plaintiffs argue that form should not control over substance, and the court here should have incorporated the facts from count I as an argument to pierce the corporate veil to obtain a

potential judgment for counts II through V. They argue that separating veil piercing into its own count is not grounds for dismissal of the entire complaint with prejudice. We agree. Counts II through V incorporated and realleged the veil piercing allegations set forth in count I. Thus, as discussed below, the court erred when it refused to consider the import of those facts and dismissed counts II through V with prejudice.

¶ 22                 Factual Allegations for Piercing the Corporate Veil

¶ 23      A corporation is a legal entity that shields individuals, shareholders, and other entities from unlimited liability based on the corporation's conduct. *Fontana v. TLD Builders, Inc.*, 362 Ill. App. 3d 491, 500 (2005). " 'However, a court may disregard a corporate entity and pierce the veil of limited liability where the corporation is merely the alter ego or business conduit of another person or entity.' " *Id.* (quoting *Peetoom v. Swanson*, 334 Ill. App. 3d 523, 527 (2002)). Courts are reluctant to pierce the corporate veil and will only do so when "(1) there is such a unity of interest and ownership that the separate personalities of the corporations no longer exist and (2) circumstances exist so that adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, or promote inequitable consequences." *Gass v. Anna Hospital Corp.*, 392 Ill. App. 3d 179, 186 (2009) (citing *Fontana*, 362 Ill. App. 3d at 500).

¶ 24      Although piercing the corporate veil is often used to reach the assets of an individual for conduct of a corporation, courts may pierce the corporate veil of two affiliated or "sister" corporations. *Tower Investors, LLC v. 111 East Chestnut Consultants, Inc.*, 371 Ill. App. 3d 1019, 1033 (2007). The court considers several factors to determine if there is a unity of ownership and interest. It considers: "(1) inadequate capitalization; (2) failure to issue stock; (3) failure to observe corporate formalities; (4) nonpayment of dividends; (5) insolvency of the debtor corporation; (6) nonfunctioning of the other officers or directors; (7) absence of corporate records; (8) commingling of funds; (9) diversion of assets from the corporation by or to a stockholder or other person or entity to the detriment of creditors; (10) failure to maintain arm's-length relationships among related entities; and (11) whether, in fact, the corporation is a mere façade for the operation of the dominant stockholders. [Citation.]" (Internal quotation marks omitted.) *Buckley v. Abuzir*, 2014 IL App (1st) 130469, ¶ 15.

¶ 25      Here, plaintiffs alleged that Steel Solutions operated out of the same location as Barabas Co. and Barabas Steel Co. and used much of the same equipment. Plaintiffs further claimed, among other things, that Mariola and Teofil used the corporations as their alter egos and treated them as one single entity. Specifically, they asserted that there was comingling of funds, comingling of equipment, employees of one corporation were paid by funds of the other corporations, employees of one corporation worked on the other corporations' projects, and that there were improper loans or sales of assets from one corporation to another. Additionally, because plaintiffs cannot obtain a judgment from Barabas Co. or Barabas Steel Co., which have been dissolved, there would be an unjust result if the court does not pierce the corporate veil. These facts, when taken as true, as the court must when reviewing a motion to dismiss, are sufficient to support an argument that plaintiffs could pierce the corporate veil to impute liability for Barabas Co. and Barabas Steel Co.'s conduct to Steel Solutions.

¶ 26      Additionally, plaintiffs alleged that Steel Solutions is the successor corporation of Barabas Co. and Barabas Steel Co. Usually successor corporations that purchase another corporation's assets are not liable for that corporation's debt. *Workforce Solutions v. Urban Services of*

*America, Inc.*, 2012 IL App (1st) 111410, ¶ 86. However, there are exceptions that allow a court to hold a successor corporation liable: "(1) where there is an express or implied agreement of assumption [of liability]; (2) where the transaction amounts to a consolidation or merger of the purchaser or seller corporation; (3) where the purchaser is merely a continuation of the seller; or (4) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations. [Citation.]" (Internal quotation marks omitted.) *Id.* Although plaintiffs did not explicitly allege all the elements of successor corporation liability, they did allege facts regarding Steel Solutions' purchase of Barabas Steel Co.'s assets, overlap of management and employees, and comingling of funds and equipment, which could support an argument that Steel Solutions was a mere continuation of Barabas Co. and Barabas Steel Co. or that it was created for the fraudulent purpose of escaping liability for Barabas Steel Co.'s obligations. Plaintiffs' complaint may not have been artful, however, it contained sufficient facts to show that the deficiencies could have been cured if plaintiffs had been permitted to amend counts II through V of the complaint to allege veil piercing as a remedy for the statutory violations, rather than as a separate claim.

¶ 27                    Dismissal of Counts II-V Under Section 2-619(a)(9)

¶ 28        Next, plaintiffs argue that the court erred in dismissing counts II through V under section 2-619(a)(9) of the Code because defendants did not raise an affirmative matter that defeats the claim. Plaintiffs maintain that the affidavit supplied by Mariola merely refutes plaintiffs' factual allegations, which is insufficient to defeat a claim on a motion to dismiss. Alternatively, plaintiffs argue that if the complaint was properly dismissed, it should not have been dismissed with prejudice. Defendants respond that the court properly dismissed counts II through V under section 2-619(a)(9) of the Code because Steel Solutions never employed plaintiffs and is a completely separate company from Barabas Co. and Barabas Steel Co.

¶ 29        A motion for involuntary dismissal under section 2-619(a)(9) of the Code admits the legal sufficiency of the complaint, accepts all well-pleaded facts, and asserts an affirmative matter outside of the complaint that bars or defeats the cause of action. 735 ILCS 5/2-619(a)(9) (West 2012); *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 31. In a section 2-619(a)(9) motion, the movant is essentially saying " ' "Yes, the complaint was legally sufficient, but an affirmative matter exists that defeats the claim." ' " *Id.* (quoting *Winters v. Wangler*, 386 Ill. App. 3d 788, 792 (2008)). The defendant has the initial burden of establishing that there is an affirmative matter that defeats the claim. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). If the defendant successfully asserts an affirmative matter, the burden shifts to the plaintiff to demonstrate that the defense is unfounded or requires the resolution of a material fact. *Id.* If the plaintiff fails to meet the shifted burden, the motion may be granted and the complaint dismissed. *Id.* Where the grounds for dismissal do not appear on the face of the complaint, the motion must be supported by an affidavit. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 485 (1994). Generally, when an affidavit under 2-619(a)(9) properly asserts facts that would defeat the claim, a counter-affidavit is needed or they are deemed admitted. *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116.

¶ 30        An affirmative matter for a 2-619(a)(9) motion cannot merely refute well-pleaded facts–it must assert a completely new matter not present in the complaint. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 121 (2008). "[A]n affirmative matter is not the defendant's version of

the facts as such a basis merely tends to negate the essential allegations of the plaintiff's cause of action." *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 34. Rather, it must assert something more than the evidence that the defendant expects to provide to refute an ultimate fact. *Smith*, 231 Ill. 2d at 121.

¶ 31    Generally, it is within the court's discretion to dismiss a complaint pursuant to section 2-615 or section 2-619 with prejudice. *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008). However, "[w]here a claim can be stated, the trial court abuses its discretion if it dismisses the complaint with prejudice and refuses the plaintiff further opportunities to plead." *Id.* (citing *Muirfield Village-Vernon Hills, LLC v. K. Reinke, Jr., & Co.*, 349 Ill. App. 3d 178, 195 (2004)). Moreover, the court favors granting leave to amend a complaint so that the plaintiffs can fully present their cause. *Hofner v. Glenn Ingram & Co.*, 140 Ill. App. 3d 874, 885 (1985); see also *Illinois Graphics Co.*, 159 Ill. 2d at 498.

¶ 32    Plaintiffs argue that defendants' section 2-619(a)(9) motion to dismiss is insufficient because it did not introduce new evidence, but rather, solely provided self-serving rebuttal evidence. Mariola's affidavit asserted that plaintiffs were never employed by Steel Solutions and that Steel Solutions and Barabas Co. and Barabas Steel Co. were separate corporate entities. The affidavit provides detail about Steel Solution's incorporation, debt to an outside lender, and its purchases from Barabas Steel Co. as well as other companies. When considering the facts alleged in count I, these allegations do not contain a new matter not raised in the complaint, but directly refute plaintiffs' contention that Steel Solutions, Barabas Co. and Barabas Steel Co. are one entity. Consequently, Mariola's affidavit was not sufficient under section 2-619(a)(9) because it merely is a rebuttal of plaintiff's veil piercing allegations.

¶ 33    According to the court's order, counts II through V were dismissed pursuant to section 2-619 of the Code. Therefore, the court necessarily found that an affirmative matter in Mariola's affidavit defeated the claim. Based on the arguments in the pleadings and the information in the affidavit, it appears that the court decided that without the veil piercing count, the remainder of plaintiffs' complaint could not demonstrate that Steel Solutions and Barabas Co. and Barabas Steel Co. were the same entity, and thus, Steel Solutions was an improper defendant. This was error. As explained above, all of the facts underlying the request to pierce the corporate veil were incorporated and realleged in counts II through V.

¶ 34    Without a sufficient affidavit, defendants did not meet their initial burden of asserting an affirmative matter and plaintiffs were not required to provide a counter-affidavit. Additionally, to the extent that the court believed amendment could cure any deficiencies in count I, the court should have granted plaintiffs leave to amend counts II through V. Because with amendment claims for employee misclassification and retaliation under the ECA could be stated, the court erred in dismissing these counts with prejudice.

¶ 35                                    IDOL Determinations

¶ 36    Defendants further argue that the trial court was not required to give any credence to the IDOL findings because no formal hearing was conducted. See *Bartlow v. Costigan*, 2014 IL 115152 (holding that the ECA required the IDOL to reach a formal decision before the IDOL could impose liability). We note that although the IDOL determinations in this case were the result of an informal investigation and related hearing, they occurred in 2012, before the *Bartlow* court issued its ruling. Additionally, whether or not the IDOL can impose penalties without a formal decision does not mean that the results of an informal investigation have no

value in the context of these proceedings. Here, the IDOL determinations emphatically support plaintiffs' claims, and the court should have considered this evidence when considering whether there were sufficient facts to support plaintiffs claim.[2] Moreover, regardless of whether the court considered the IDOL determinations, we believe that the facts alleged in the complaint alone are sufficient to survive a motion to dismiss.

¶ 37 Finally, defendants seem to make the argument that plaintiffs did not exhaust their administrative remedies before filing the complaint. However, they also correctly point out that a plaintiff is not required to exhaust their administrative remedies before they can bring a claim under the ECA in the circuit court. 820 ILCS 185/60 (West 2012). Therefore, we deem the issue to have been conceded.

¶ 38                                    CONCLUSION

¶ 39 For the foregoing reasons, we affirm in part, reverse in part and remand for further proceedings consistent with the views expressed in this order.

¶ 40 Affirmed in part and reversed in part. Cause remanded.

---

[2]When the court considers a section 2-619 motion to dismiss parties can present other proof outside of the pleadings, therefore the court could properly consider this evidence. *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116.