2025 IL App (1st) 240754-U

No. 1-24-0754

Order filed November 7, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 2371 |
| | ) | |
| ROOSEVELT JACKSON, | ) | Honorable |
| | ) | Peggy Chiampas, |
| Jackson-Appellant. | ) | Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*: Dismissal of Jackson's postconviction petition at the second stage is affirmed, where his assertion that he was arrested pursuant to an unconstitutional investigative alert lacks merit, he waived the issue of whether he was proven guilty beyond a reasonable doubt, and his claims of judicial bias are unsupported by the record.

¶ 2    Defendant Roosevelt Jackson appeals from the second-stage dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). On appeal, Jackson contends that (1) he was illegally arrested pursuant to an investigative alert, (2)

there was insufficient evidence to prove him guilty beyond a reasonable doubt, and (3) the trial judge who heard his postconviction petition was biased against him. For the following reasons, we affirm.

¶ 3    Jackson was charged by indictment with multiple offenses arising from the shooting of Clyde DuBose on December 24, 2012. The evidence presented at trial is fully set forth in this court's decision on direct appeal (*People v. Jackson*, 2017 IL App (1st) 143802-U, ¶¶ 5-16), and we restate facts only to the extent necessary to this appeal.

¶ 4    At the bench trial, DuBose testified he had known Jackson for about 15 years prior to the shooting. DuBose was attempting to get gas when Jackson entered DuBose's vehicle through the passenger side door, demanded money, "smacked" DuBose on the forehead with a firearm, and shot DuBose in the stomach. DuBose attempted to drive to the hospital but "blanked out" and crashed into a pole. At the hospital, DuBose identified Jackson as the shooter.

¶ 5    Detective James O'Brien testified that he spoke with DuBose at the hospital, where DuBose identified the shooter. DuBose said he could possibly give O'Brien the "real name" of the offender if DuBose had his cell phone. O'Brien retrieved DuBose's phone and DuBose identified Jackson as the shooter. O'Brien subsequently presented DuBose with a photo lineup in which he immediately identified Jackson as the shooter. On December 31, 2012, after DuBose identified Jackson as the shooter, the police issued an investigative alert to arrest Jackson, and he was arrested thereafter.

¶ 6    Jackson testified that he had known DuBose for about 20 years and bought drugs from him. On the day of the shooting, DuBose and Jackson were conducting a drug deal. Jackson said that "Flaka" shot DuBose.

¶ 7     The trial court found Jackson guilty of attempted first degree murder, aggravated battery, and attempted armed robbery. The court noted, "from the moment [DuBose] could talk he identified [Jackson] as the shooter, unequivocally, never wavering." Additionally, the trial court found that evidence supported DuBose's testimony of what happened.

¶ 8     Following a hearing, the court merged the aggravated battery and attempted armed robbery counts into one count of attempted first degree murder and imposed 31 years' imprisonment. We affirmed on direct appeal over Jackson's contention that the trial court erred in failing to conduct a preliminary inquiry to determine the factual basis for his allegation of ineffective assistance of counsel. *Id*. ¶ 2.

¶ 9     On November 15, 2017, Jackson filed a postconviction petition alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and violations of due process. In relevant part, Jackson argued that (1) trial counsel was ineffective for not impeaching DuBose with an attached police report stating that DuBose did not know the identity of the shooter, (2) appellate counsel was ineffective for not raising trial counsel's ineffectiveness for not impeaching DuBose with the police report, and (3) appellate counsel was ineffective for not arguing that the State failed to prove Jackson guilty beyond a reasonable doubt. The trial court dismissed the petition. We reversed and remanded for second-stage proceedings. *People v. Jackson*, 2020 IL App (1st) 180305-U, ¶¶ 33-34.

¶ 10    After remand, Jackson filed motions for standby counsel and to proceed *pro se*. Ultimately, the trial court appointed a public defender and rejected Jackson's request to proceed *pro se*. Jackson then filed a *pro se* "Amended Petition for Post-Conviction," which the court characterized as a supplemental petition. The supplemental petition alleged ineffective assistance of trial

counsel, denial of a fair trial, denial of due process, and that Jackson was unlawfully arrested pursuant to an investigative alert.

¶ 11    Jackson filed a "motion for Change of Venue from Judge," arguing that the judge, who was assigned his postconviction petition following remand, exhibited "a personal bias or prejudice" because she refused to let him proceed *pro se*. The motion was heard by another judge and denied. A couple of months later, Jackson told the court again that he wanted to proceed *pro se*. The court admonished Jackson regarding his right to self-representation, confirmed that he wanted to proceed *pro se*, and granted the public defender's leave to withdraw.

¶ 12    The State filed a motion to dismiss Jackson's postconviction petition. Jackson filed a response. The trial court dismissed Jackson's petition. He appeals *pro se*, filing an opening brief and reply brief that are difficult to follow and understand. Nonetheless, we will address his arguments to the extent they can be discerned.

¶ 13    The Act provides a three-stage procedure by which those under criminal sentence can assert that their convictions resulted from a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a) (West 2016); *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998); *People v. Morales*, 2019 IL App (1st) 160225, ¶ 17. The petition may be dismissed at the first stage if it is frivolous or patently without merit (*Morales*, 2019 IL App (1st) 160225, ¶ 17); otherwise it advances to the second stage (725 ILCS 5/122-5 (West 2016)). At the second stage, the defendant must make a substantial showing of a deprivation of constitutional rights or the petition is dismissed. *People v. Dupree*, 2018 IL 122307, ¶ 28. If such a showing is made, the petition advances to the third stage where the court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2016).

¶ 14     Jackson's petition was dismissed at the second stage of proceedings. In second-stage proceedings, the State may answer the petition or move to dismiss. *Morales*, 2019 IL App (1st) 160225, ¶ 17. All well-pleaded facts that are not positively rebutted by the trial record are taken as true, and the court neither engages in fact-finding or credibility determinations nor resolves any evidentiary questions. *People v. Velasco*, 2018 IL App (1st) 161683, ¶ 90. At all stages of proceedings, issues raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata*, while issues that could have been raised, but were not, are waived. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). Our review of a second-stage dismissal is *de novo*. *Id*. We may affirm a second-stage dismissal "on any basis supported by the record." *People v. Stoecker*, 384 Ill. App. 3d 289, 292 (2008).

¶ 15     Jackson first argues that his postconviction petition was improperly dismissed as he made a substantial showing that his arrest was unlawful based on an investigative alert. We disagree. An arrest pursuant to an investigative alert does not automatically violate the constitution if probable cause exists. *People v. Clark*, 2024 IL 127838, ¶ 63. Here, it did, as DuBose identified Jackson to the police by name and in a photo array as the shooter, thus providing probable cause for his subsequent arrest. *People v. Thornton*, 2020 IL App (1st) 170753, ¶ 25 ("Probable cause exists where the facts and circumstances, considered as a whole, are sufficient to justify a belief by a reasonably cautious person that the defendant is or has been involved in a crime."). Accordingly, there is no basis to hold his arrest pursuant to an investigative alert was unlawful.

¶ 16     Jackson next challenges the sufficiency of the evidence supporting his conviction for attempted first degree murder. Specifically, Jackson asserts that the evidence only consisted of

prior inconsistent statements and that lack of physical evidence created a reasonable doubt of his identity as the shooter.

¶ 17     Regarding his challenge to the sufficiency of the evidence, Jackson did not raise this claim on direct appeal and it was arguably waived. See *Pitsonbarger*, 205 Ill. 2d at 456. However, in his petition, Jackson argued that appellate counsel was ineffective for not arguing that the State failed to prove Jackson guilty beyond a reasonable doubt. Consequently, although Jackson could have raised a challenge to the sufficiency of the evidence on direct appeal, we find it was not forfeited for purposes of postconviction proceedings. See *People v. Youngblood*, 389 Ill. App. 3d 209, 214-15 (2009) ("a postconviction claim will not be forfeited where the alleged forfeiture stems from the incompetence of appellate counsel").

¶ 18     Nonetheless, in his appellate brief, Jackson does not argue that he made a substantial showing that appellate counsel was ineffective for not raising this issue. He solely argues the merits of whether he was proven guilty beyond a reasonable doubt. Given Jackson's failure to pursue his claim that appellate counsel was ineffective, the underlying challenge to the sufficiency of the evidence is waived and we need not resolve the issue. See *Gajda v. Steel Solutions Firm, Inc.*, 2015 IL App (1st) 142219, ¶ 15.

¶ 19     As for Jackson's argument that evidence not adduced at trial would have undermined the State's case against him, a similar problem precludes our review. In his postconviction petition, Jackson referenced the attached police report containing DuBose's statement that he did not know the identity of the shooter and alleged that (1) trial counsel was ineffective for failing to impeach DuBose with the prior inconsistent statement, and (2) appellate counsel was ineffective for not arguing trial counsel's ineffectiveness. While this claim was properly before the trial court, it is

not properly before us on appeal. Once again, in his appellate brief, Jackson neither argues that trial counsel was ineffective for failing to impeach DuBose with the prior inconsistent statement, nor that appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness. The issue is waived. See *id.*

¶ 20    Jackson next contends the postconviction trial judge exhibited bias against him "for not accepting counsel" and for filing two complaints against the judge with the Judicial Inquiry Board in 2022.

¶ 21    The right to an unbiased, open-minded trier of fact is fundamental and rooted in the constitutional guaranty of due process of law. *People v. McDaniels*, 144 Ill. App. 3d 459, 462 (1986). "Allegations of judicial bias must be viewed in context and should be evaluated in terms of the trial judge's specific reaction to the events taking place." *People v. Jackson*, 205 Ill. 2d 247, 277 (2001). The party asserting judicial bias must present evidence of the judge's personal bias and engagement in prejudicial conduct during the proceedings. *Eychaner v. Gross*, 202 Ill. 2d 228, 280 (2002). "[O]nly under the most extreme cases would disqualification for bias or prejudice be constitutionally required." *People v. Coleman*, 168 Ill. 2d 509, 541 (1995). We review *de novo* issues regarding the denial of due process. *People v. Bradley*, 2017 IL App (4th) 150527, ¶ 13.

¶ 22    Jackson does not provide citations to the record of alleged instances of judicial bias. Nor does he explain why the denial of his "motion for Change of Venue from Judge" was wrong. We have reviewed the record and find no facts to support his bare contention of judicial bias. To the contrary, the postconviction trial judge went out of her way to ensure Jackson's rights were protected without violating his right to self-representation and ultimately granted the public

defenders leave to withdraw after giving Jackson the proper admonishments. His arguments do not merit further consideration.

¶ 23 As a final matter, Jackson's opening brief also alleges a myriad of other claims in an amalgam of factual contentions, case citations, and arguments. To the extent these claims may be understood, he alleges that evidence was not subject to a proper chain of custody, the police report attached to his petition shows that an officer committed perjury before the grand jury, and that he was identified pursuant to an improper procedure. These claims are procedurally defaulted because they could have been raised on direct appeal (*People v. West*, 187 Ill. 2d 418, 425 (1999)) and were not raised in Jackson's postconviction petition (*People v. Brown*, 2023 IL App (1st) 221825, ¶ 15). As such, we reject these claims.

¶ 24 In sum, Jackson's assertion that he was unconstitutionally arrested pursuant to an investigative alert and his challenge to the sufficiency of the evidence do not provide a basis to advance his postconviction to third stage proceedings. To the extent we can discern his allegation of judicial bias or prejudice, this claim is conclusory and unsupported, and, therefore, denied.

¶ 25 For the foregoing reasons, we affirm the trial court's second-stage dismissal of Jackson's postconviction petition.

¶ 26 Affirmed.