PHILLIP WITT *et al.*, Plaintiffs-Appellants, v. JONES AND JONES LAW OFFICES, P.C., *et al.*, Defendants-Appellees.

Fourth District   No. 4—94—0156

Argued August 23, 1994.—Opinion filed February 3, 1995.—Rehearing denied March 3, 1995.

Duane D. Young and Steven C. Ward (argued), both of Heckenkamp, Simhauser & LaBarre, P.C., of Springfield, for appellants.

Karen L. Kendall (argued), of Heyl, Royster, Voelker & Allen, of Peoria,

and James C. Kearns and Bruce A. Radke, both of Heyl, Royster, Voelker & Allen, of Urbana, for appellees.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

On September 20, 1993, plaintiffs, Phillip and Linda Witt, filed a legal malpractice action in the circuit court of Edgar County seeking to recover damages against defendants, Wayne S. Jones and Larry B. Jones and Jones & Jones Law Offices, P.C., as drafters of a will which did not leave as much to plaintiffs as they contend was the decedent's express intent. Defendants moved to dismiss the complaint and it was dismissed by the trial court on January 14, 1994, after a finding plaintiffs knew of their potential cause of action during the limitations period found in section 13—214.3(d) of the Code of Civil Procedure (Code) (735 ILCS 5/13—214.3(d) (West 1992)) and their complaint was barred by the statute of limitations. We affirm.

Decedent, Vernon A. Witt, died on September 18, 1991, leaving a will drafted by defendants dated March 20, 1991. After various specific bequests, Vernon's will gave the residue of his estate to his "heirs at law in accordance with the Statute of Descendant [*sic*] and Distribution in the State of Illinois." Plaintiffs were appointed as executors. On October 3, 1991, plaintiff Linda Witt filed a declination of office as executor in the Edgar County circuit court. That same day a petition for probate of will and for letters testamentary was filed. The petition was accompanied by an affidavit of heirship setting forth Vernon's heirs at law, which included four sisters, three nieces and a nephew, plaintiff Phillip Witt. An order admitting the will to probate and the letters of office appointing Phillip as executor were also filed on October 3, 1991.

Copies of the petition for probate of will and the order admitting the will to probate were sent to all heirs and legatees on October 8, 1991, along with a notice advising the heirs and legatees they had 42 days in which to file a petition with the court requiring proof of the will by testimony of witnesses and six months to contest the will by filing a petition with the court. On October 28, 1991, a publisher's certificate of publication was filed showing all claims against the estate must be filed on or before April 24, 1992.

On November 13, 1991, Carolyn Dennis, niece of Vernon and an heir, filed a petition to require proof of will by testimony of witnesses. The petition stated Linda Witt, a beneficiary under the will, had obtained counsel and indicated an intent to challenge the will and its specific terms. Attached to the petition was a letter from an attorney directed to Vernon's heirs stating he represented Linda and

it was clearly Vernon's intent to leave the property (except real estate) received from his wife's estate to plaintiffs and requested the heirs to execute a partial assignment of their interests in order to effectuate Vernon's claimed intent without the necessity of a will construction proceeding. This attorney later filed an entry of appearance in the probate matter on behalf of Linda. After a hearing on Carolyn's petition, on January 16, 1992, the trial court entered an order confirming the original order admitting the will to probate and confirming the order appointing Phillip as executor.

Over the next year and a half, Phillip, as executor, filed inventories and amendments; a final report and amended final report; and a request for approval of the final report and, upon proof of distribution, his discharge as executor. Distribution of the residue of Vernon's estate was made providing each sister $42,281.68 and each nephew and niece $21,140.84. Phillip was discharged as executor on September 7, 1993.

On September 20, 1993, plaintiffs filed their two-count complaint against defendants seeking to recover, under a breach of contract theory and under a negligence theory, $276,000 they claim to be due them, reflecting the eleven-twelfths of Vernon's residual estate they did not receive. The complaint was dismissed by the trial court as barred by section 13—214.3(d) of the Code.

■ Section 13—214.3(d) of the Code provides an action against an attorney involving an injury which does not occur until the death of the person for whom the attorney's professional services were provided must be commenced within two years of that person's death unless letters of office are issued or the person's will is admitted to probate, in which case such action must be commenced within the time for filing claims against the estate or within the time for filing a petition contesting the validity of the will, whichever is later.

Section 8—1 of the Probate Act of 1975 provides will contests must be brought within six months after the admission of a will to probate. (755 ILCS 5/8—1 (West 1992).) Vernon's will was admitted into probate on October 3, 1991. The deadline for a will contest was April 3, 1992. The claims notice sent out pursuant to the will's admission to probate states all claims against the estate must be filed by April 24, 1992, or they are barred. Thus, plaintiffs were required to file suit against defendants on their claim by April 24, 1992, the later of the two applicable dates under section 13—214.3(d) of the Code. As they did not file their suit against defendants until September 20, 1993, plaintiffs' cause of action is barred by the statute of limitations unless it is in some way tolled or otherwise inapplicable. Plaintiffs argue several different reasons why the statute of limitations should not bar their claim against defendants.

■ They argue, first, the statute of limitations was tolled by the so-called "continuous representation rule." Plaintiffs define this rule by analogizing to the continuous course of treatment doctrine in medical malpractice cases as discussed in *Cunningham v. Huffman* (1993), 154 Ill. 2d 398, 609 N.E.2d 321. In *Cunningham* the doctrine was explained as a tolling of the statute of repose until the end of a doctor-patient relationship so long as there is continuous treatment for a condition occasioned by the alleged negligent act. *Cunningham*, 154 Ill. 2d at 401-02, 609 N.E.2d at 323.

Plaintiffs contend such a doctrine is equally applicable to legal malpractice claims against an attorney who continues to represent a client and the statute of limitations on the malpractice claim should not run until the attorney ceases to represent the client. Plaintiffs then proceed to explain how defendants' representation of Phillip as executor is, in essence, a continuous representation of Vernon since the executor stands in the shoes of the deceased.

We need not recount this argument, however, as there is no continuous representation rule in Illinois. Plaintiffs acknowledge as much by citing the New York case, *Glamm v. Allen* (1982), 57 N.Y.2d 87, 439 N.E.2d 390, 453 N.Y.S.2d 674, in which the continuous representation rule was adopted, and urging this court to do the same. We decline. Not only have we failed to find a case adopting the continuous representation rule in Illinois, but our supreme court's rejection of the continuous course of treatment doctrine in *Cunningham* (154 Ill. 2d at 404, 609 N.E.2d at 324) suggests the court is not ready to adopt a continuous representation rule with respect to legal malpractice cases.

■ Plaintiffs next maintain the proper statute of limitations is actually found in section 13—215 of the Code, allowing five years after a person discovers his or her cause of action where the person liable to the action fraudulently conceals knowledge of the cause of action from the person entitled to it. (735 ILCS 5/13—215 (West 1992).) Allegations plaintiffs failed to discover their cause of action against defendants due to the trust and confidence placed in defendants as fiduciaries are essential to toll the statute of limitations and invoke section 13—215 of the Code. (*Hagney v. Lopeman* (1992), 147 Ill. 2d 458, 464, 590 N.E.2d 466, 469.) Such allegations are lacking in this case.

More important, however, plaintiffs actually knew of their cause of action against defendants within the time frame provided by section 13—214.3(d) of the Code. Plaintiffs had knowledge either dating from Linda's consultation of an attorney prior to the filing of the petition to prove the will on November 13, 1991, or from the January

16, 1992, order confirming the will after a hearing on the petition. Both dates fall within the limitations period ending April 24, 1992. Therefore, even if defendants had taken action constituting fraudulent concealment, of which there is no evidence in the record, plaintiffs had actual knowledge of that which they accuse defendants of attempting to conceal.

■ Plaintiffs next contend section 13—214.3(d) of the Code is unconstitutional on its face and as applied to them and resulted in a denial of due process and equal protection. These arguments have been waived as they were not raised in the trial court and plaintiffs failed to comply with the provisions of Supreme Court Rule 19 (134 Ill. 2d R. 19) requiring notice be given the Attorney General by any party questioning the constitutionality of a State statute in a proceeding where the Attorney General is not already a party.

Further, plaintiffs' constitutional arguments are without merit. Their claimed denial of due process is based upon the claim their property interest in a legal malpractice action against defendants required actual notice of the claim expiration period from defendants because the probate of Vernon's will triggered a significant reduction in the time allowed them to seek damages for the alleged defective drafting of Vernon's will. However, as previously stated, the evidence indicates plaintiffs had actual notice of any alleged defects within the period of the statute of limitations and it does not matter whether defendants were the source of that actual knowledge.

Plaintiffs' claim of lack of equal protection is based on their argument section 13—214.3(d) of the Code shortens the period of time in which they may file a claim against defendants and this shortened time period is not rationally related in any way to the probate proceedings, the administration of the estate, or the devolution of Vernon's property. It is clear plaintiffs knew they did not receive that to which they thought they were entitled under Vernon's will within the statutory period for bringing a claim. The fact they failed to file a timely suit is not justification for finding section 13—214.3(d) of the Code denied them equal protection.

We find plaintiffs' claim against defendants was barred by the applicable statute of limitations, section 13—214.3(d) of the Code. The judgment of the trial court is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.