CATHERINE RAJCAN *et al.*, as Co-trustees of the Donald J. Armbrust Trust, *et al.*, Plaintiffs-Appellants, v. DONALD GARVEY AND ASSOCIATES, LTD., *et al.*, Defendants-Appellees.

Second District    No. 2—03—0270

Opinion filed April 5, 2004.

404

Arnold H. Landis, of Chicago, for appellants.

Patricia L. Argentati, of Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton, for appellees Donald Garvey & Associates, Ltd., and Donald Garvey.

Thomas J. Long and Larry A. Mancini, both of Norton, Mancini, Argentati, Weiler & DeAno, of Wheaton, for appellees Bishop, Rossi & Scarlati, Ltd., and Robert Hall.

JUSTICE CALLUM delivered the opinion of the court:

Plaintiffs, Catherine Rajcan, Caroline Mulcahey, and Kevin Armbrust, as co-trustees of the so-called Donald J. Armbrust Trust, and Lynette Armbrust and Steven Armbrust, individually, appeal from an order of the circuit court of Du Page County granting the motion of defendants Donald Garvey, Donald Garvey and Associates, Ltd. (the Garvey firm), Robert Hall, and Bishop, Rossi and Scarlati, Ltd., (the Bishop firm), to dismiss plaintiffs' second amended complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(5) (West 2002)). The trial court granted the motion on the basis that the action was barred by the six-year statute of repose applicable to legal malpractice lawsuits. See 735 ILCS 5/13—214.3 (West 2002). We reverse and remand.

## I. BACKGROUND

Plaintiffs filed their original complaint on July 19, 2001. As amended, the complaint alleges that plaintiffs (whom we shall refer to by first name) are the children of Donald Armbrust. In 1993, Donald retained Garvey and Hall as his attorneys to prepare a will and to establish a trust. According to the complaint, Garvey and Hall were, at the time, "actual and/or apparent agent[s]" of the Bishop firm. After May 1994, Garvey was an employee of the Garvey firm.

In October and November 1993, Garvey and Hall drafted a trust agreement that named Donald as trustee with the power to withdraw any part or all of the net income and principal of the trust. Upon Donald's death, Catherine, Carolyn, and Kevin would serve as co-trustees and would "divide the trust into separate equal trusts" for Donald's children. The property held in trust for Catherine, Carolyn, and Kevin would be distributed to each of them. With respect to the trusts created for Steven and Lynette, the co-trustees were directed to distribute "the net income of the trust, and so much of the principal thereof as the trustee from time to time believes desirable for [Steven's or Lynette's] reasonable support, education and health considering the child's other resources known to the trustee."

Donald died on July 19, 1999. In count I of their complaint, plaintiffs alleged that, while preparing the trust instrument, Hall and Garvey were aware that Lynette and Steven were disabled as a result of mental or emotional disorders. According to the complaint, Hall and Garvey were negligent in failing to advise Donald of the possibility of establishing a "special needs" trust for Lynette and Steven, which would not impair their eligibility for certain public assistance benefits. Plaintiffs alleged that, because of the improper advice and the consequent failure to establish a "special needs" trust, Lynette and Steven have suffered the loss of those benefits.

Counts II and III sought recovery from Garvey and the Garvey firm under theories of breach of fiduciary duty and negligence. In count II, plaintiffs alleged that in May, June, and November 1998, Catherine and Donald repeatedly asked Garvey to provide them with a copy of the trust agreement and Garvey assured them that he would do so. Plaintiffs alleged that Garvey had no intention of providing the document and that he withheld it to conceal his prior negligence. The negligence allegations against Garvey and the Garvey firm in count III of the complaint have no bearing on the issues in this appeal and it is unnecessary to describe them.

Hall and the Bishop firm filed a combined motion to dismiss under sections 2—615 (735 ILCS 5/2—615 (West 2002)) and 2—619(a)(5) of the Code. Garvey and the Garvey firm also filed such a motion. Both motions sought dismissal under section 2—619(a)(5) on the basis that the six-year statute of repose for legal malpractice actions expired no later than November 1999. The trial court dismissed the action on this basis. Following the denial of their motion for reconsideration, plaintiffs filed a timely notice of appeal.

## II. ANALYSIS

### A. Fraudulent Concealment Exception to the Statute of Repose

■ Plaintiffs initially argue that it was error to dismiss as to

Garvey and the Garvey firm on the basis of the statute of repose, because plaintiffs alleged that Garvey had fraudulently concealed the cause of action. Section 13—215 of the Code (735 ILCS 5/13—215 (West 2002)) provides that "[i]f a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." To toll the statute of repose, the plaintiff must show "affirmative acts or representations designed to prevent discovery of the cause of action or to lull or induce a claimant into delaying the filing of his claim." *Dancor International, Ltd. v. Friedman, Goldberg & Mintz*, 288 Ill. App. 3d 666, 675 (1997). Plaintiffs argue that the allegations in count II of the complaint, which seeks recovery for breach of fiduciary duty, are sufficient to invoke this exception.

■ The trial court dismissed plaintiffs' second amended complaint pursuant to section 2—619(a)(5), which allows the dismissal of an action if it "was not commenced within the time limited by law." 735 ILCS 5/2—619(a)(5) (West 2002). A motion to dismiss pursuant to section 2—619 of the Code admits the legal sufficiency of the complaint but asserts affirmative matter to avoid or defeat the claim. *Peetoom v. Swanson*, 334 Ill. App. 3d 523, 526 (2002). More importantly, a section 2—619 motion admits all well-pleaded facts and reasonable inferences therefrom. *Peetoom*, 334 Ill. App. 3d at 526. Thus, resolution of this issue hinges on whether plaintiffs' complaint sets forth allegations satisfying the requirements of the statutory fraudulent concealment exception to the statute of repose.

In ruling on this issue, the trial court stated as follows:

"I have [*sic*] read Count Two before and when discussion was made today about it sounding in *** [']fraudulent concealment[.'] *** I categorically disagree with that argument. I do not find Count Two to even purport to begin to lay out a cause of action for *** [']fraudulent concealment['] *** or to have a sufficient factual or pled basis for any allegation of fraudulent concealment. It is clearly [*sic*] not only in its title a breach of fiduciary duty, but in the content of the complaint itself speaking of the different relationships that were done [*sic*] between the parties and what was or wasn't breached."

The trial court may have placed undue emphasis on the nature of the cause of action set forth in count II of the complaint. Similarly, Garvey and the Garvey firm stress that plaintiffs' complaint contains no "theory or count which was entitled or which referred to 'fraudulent concealment.' " As noted, the salient question is whether

the allegations in count II establish a fraudulent concealment sufficient to overcome the statute of repose. For present purposes, it is irrelevant whether those facts constitute a "cause of action" for fraudulent concealment; plaintiffs are asserting fraudulent concealment, not as an independent basis for recovery, but as an exception to the statute of repose. Moreover, the fact that count II is denominated a claim for breach of fiduciary duty does not mean that the allegations cannot encompass the requirements of the fraudulent concealment exception to the statute of repose.

Turning our attention to the substance of the allegations, we conclude that they are sufficient to defeat Garvey and the Garvey firm's motion to dismiss. Plaintiffs have alleged that during May, June, and November 1998, Catherine and Donald repeatedly asked Garvey for a copy of the trust agreement and, in response to these requests, Garvey falsely assured Catherine that he would provide one. Garvey and the Garvey firm argue that, by withholding the trust agreement from Catherine, Garvey was merely guilty of a *failure to act*, as opposed to an affirmative act of concealment. We agree with plaintiffs that the alleged false assurances to Catherine were affirmative acts that could have assuaged plaintiffs, who might otherwise have been more assertive in attempting to obtain and examine a copy of the trust agreement.

Garvey and the Garvey firm also argue that, because plaintiffs were not Garvey's clients, he had no obligation to provide a copy of the trust to them and would have breached his duty of confidentiality if he had done so. The argument might be more convincing if Garvey had given this reason when he refused to provide the document. However, the allegations of the complaint (which, as previously discussed, must be taken as true) are not that Garvey invoked attorney-client privilege, but that he agreed to provide the document without any intention of doing so. Furthermore, the notion that Garvey withheld the document out of solicitude to his client is undermined by the allegation that Garvey also failed to honor *the client's* request for a copy of the document. It is reasonable to infer that, had Garvey complied with Donald's request, or had he been more forthright with Catherine, plaintiffs would have had an earlier opportunity to examine the trust agreement and learn of their claim.

It bears emphasis that, as framed by the parties, the only issue before this court is whether plaintiffs have alleged fraudulent concealment. It does not necessarily follow, however, that the statute of repose must be extended. Courts have declined to apply the fraudulent concealment doctrine where the claimant discovers the fraudulent concealment or should have discovered it through ordinary diligence

and a reasonable time remains before the repose period expires. See *Turner v. Nama*, 294 Ill. App. 3d 19, 27 (1997). It is arguable, perhaps, that Garvey's repeated failures to honor the requests for the document should have put plaintiffs on inquiry as to fraudulent concealment by November 1998 or earlier. As of November 1998, there remained about a year to file suit under the statute of repose. This was, as a matter of law, a reasonable amount of time. *Turner*, 294 Ill. App. 3d at 28. However, because the issue is not properly before this court, we need not decide it.

## B. Timeliness Under the Statute of Repose

■ Plaintiffs next argue that, as to all defendants, their complaint was timely under section 13—214.3(d) of the Code (735 ILCS 5/13—214.3(d) (West 1994)), which provides:

> "When the injury caused by the act or omission [of an attorney rendering professional services] does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death unless letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975."

Plaintiffs correctly argue that there was no injury until Donald's death, at which point trusts were established for Lynette and Steven, allegedly affecting their ability to receive certain public assistance benefits. Plaintiffs' complaint was filed exactly two years after Donald's death.

■ Defendants argue that the issue is waived because plaintiffs failed to raise it in the trial court. The parties debate the applicability of the plain error rule, which permits review of waived issues in civil cases when an error is of such magnitude that a party cannot otherwise receive a fair trial or a deterioration of the judicial process occurs (*Prairie v. Snow Valley Health Resources, Inc.*, 324 Ill. App. 3d 568, 574 (2001)). More generally, however, the waiver rule is a limitation on the parties, not on the jurisdiction of this court, and we may consider an issue not raised in the trial court if the issue is one of law and is fully briefed by the parties. *Committee for Educational Rights v. Edgar*, 174 Ill. 2d 1, 11 (1996). The issue of section 13—214.3(d)'s application to this case is one of law, and we believe that it has been sufficiently briefed to facilitate review.

■ In addition, although plaintiffs did not raise the applicability of section 13—214.3(d) during the proceedings below, the issue was actu-

ally before the trial court. In one of their memoranda in the trial court, Hall and the Bishop firm noted section 13—214.3(d), but cited *Zelenka v. Krone*, 294 Ill. App. 3d 248 (1997), for the proposition that that provision applies only when assets of the deceased are distributed under the Probate Act of 1975 (755 ILCS 5/11a—1 *et seq.* (West 2000)). However, nearly eight months before Hall and the Bishop firm submitted the memorandum in question, our supreme court overruled *Zelenka* in *Petersen v. Wallach*, 198 Ill. 2d 439 (2002). During the hearing on the motion to dismiss, the trial court raised an additional erroneous reason why section 13—214.3(d) did not apply; the court observed that Public Act 89—7 (Pub. Act 89—7, eff. March 9, 1995) had deleted that provision. As plaintiffs correctly note, the trial court overlooked that years earlier our supreme court held that Public Act 89—7 was unconstitutional in its entirety. *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Accordingly, to apply the waiver doctrine here would be to allow the judgment to rest on overruled case law and an unconstitutional statute. In our view, to do so would be contrary to the interests of justice and reasoned decision-making, and might also be seen as condoning the failure of courts and litigants to confirm the validity of the legal authority they rely on. For these reasons, we choose to address the issue.

■ Garvey and the Garvey firm argue that the action cannot survive dismissal on the basis of section 13—214.3(d) because plaintiffs "have not alleged or shown that no will was filed or letters of office issued, which would then impose the six month shortened limitations period." Hall and the Bishop firm offer a variation on this argument, contending that the plain error doctrine does not permit review of a waived issue where "the sparsity of the record precludes a determination of the purported plain error." Neither argument is persuasive. The argument advanced by Garvey and the Garvey firm presupposes that plaintiffs bear the burden of showing that their action was timely under section 13—214.3(d). To the contrary, "[t]he statute of limitations is an affirmative defense to a proceeding and applies only when raised by a party; *the party asserting it has the burden to show it applies*." (Emphasis added.) *Patsis v. Zion-Benton Township High School*, 234 Ill. App. 3d 232, 238 (1992). Given that section 13—214.3(d) governs plaintiffs' action, it was defendants' burden to establish when the limitations period expired by introducing evidence showing (1) whether a will had been admitted to probate or letters of office had been issued and, if so, (2) the deadline for filing a claim or petition to contest the will. Thus, contrary to Hall and the Bishop firm's argument, the "sparsity" of the record does not preclude a determination of the purported error. Rather, that "sparsity" reflects defendants'

failure to satisfy their burden and is the very basis for determining that error occurred.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

McLAREN and HUTCHINSON, JJ., concur.